## LYNCH et al. v. BURGER et al.—168 S. W. (2d), 487.

Eastern Section.    November 27, 1942.

Petition for Certiorari denied by Supreme Court, January 30, 1943.

Swingle, Hardin & Jaynes, of Greeneville, for appellants.

Susong, Parvin & Fraker, of Greeneville, for appellees.

McAMIS, J.  This case presents a contest between the heirs at law and a distributee of the personal estate of J. Sam Wisecarver who died intestate in May, 1941.  The question to be determined is whether, under the doctrine of equitable conversion, real estate optioned by the deceased intestate on October 21, 1940, became personal property at the date of the option, or on August 13, 1941, when the optionee notified the administrator of his election to purchase the property.  We think the Chancellor correctly held that the sale of the property, pursuant to the terms of the option contract, effected a conversion as of the date the option was declared upon by the optionee, but that the conversion did not relate back to the date of the option.

The doctrine of retrospective operation appears to stem from the early English cases of Lawes v. Bennett, 1785, 1 Cox Ch. Cas., 167, 29 Eng. Reprint, 1111, decided by Lord Kenyon while Master of the Rolls.

In that case a lease was made for a long term with an option to the lessee to purchase the premises within a

limited period, for the sum of 3,000 pounds. The lessor died, and by his will, made several years before the lease, he devised all his real estate to John Bennett and all his personal property to Bennett and testator's sister, Mary. The option was later exercised and Bennett conveyed the property receiving the purchase price. A bill was filed by Mary against Bennett to compel him to account for one-half of the 3,000 pounds upon the theory that the exercise of the option related back to its date, with the result that, in equity, the property was to be treated as personalty at the testator's death.

In a very brief opinion and with little discussion of the question involved, the Master concluded that "when the party who has the power of making the election has elected, the whole is to be referred back to the original agreement, and the only difference is that the real estate is converted into personal at a future period."

The rule appears to have been followed in England, at times reluctantly, and usually with serious criticism. It has never been extended even in England but has been limited in application whenever possible without repudiating the rule.

■■ The foundation for the doctrine of equitable conversion is a presumed intention of the owner, equity regarding as done that which ought to be done. Except in the case of wills and cases involving a future contingency, the conversion usually becomes effective at the date of the contract or deed indicating an intention to convert real estate into personalty.

In the case of options a future contingency, namely, the election of the optionee to take under the option which he may or may not do as he chooses, becomes the controlling factor and it seems illogical and unnatural to assume that

the optionor intended a conversion at the date of the contract.

■ While some text writers of eminence, though recognizing that the rule may operate harshly and has been extensively criticized and restricted in application, follow Lawes v. Bennett, supra (Pomeroy's Equity Jurisprudence, 5th Edition Symons, Section 1163), the current and sounder rule is that conversion is effected on the date the optionee elects to exercise his option when, for the first time, the obligation to convey becomes absolute.

■■ The doctrine of retroactive effect was expressly repudiated in Smith v. Loewenstein, 1893, 50 Ohio St. 346, 34 N. E. 159, 160, on the ground that it does not rest upon a firm foundation, the court saying that ''the doctrine now most in accord with the general course of authority and principle is that as between lessor and lessee, with the privilege to the latter to purchase, the conversion will be deemed to have taken place at the time of declaring the option, and not from the date of the contract giving the option.''

Other courts have refused to follow the doctrine of Lawes v. Bennett, supra, in settling the rights of claimants to the estate of a deceased optioner. These cases include Sheehy v. Scott, 1905, 128 Iowa 551, 104 N. W. 1139, 4 L. R. A. (N. S.), 365; Inghram v. Chandler, 1917, 179 Iowa 304, 161 N. W. 434, L. R. A. 1917D, 713; Rockland-Rockport Lime Co. v. Leary, 1911, 203 N. Y. 469, 97 N. E. 43; L. R. A. 1916F, 352, Ann. Cas. 1913B, 62; In re Bisbee's Estate, 1922, 177 Wis. 77, 187 N. W. 653. Generally, as to the theory of retroactive effect, see Durfee House Furnishing Co. v. Great Atlantic & Pacific Tea Co., 100 Vt. 204, 136 A. 379, 50 A. L. R. 1309.

The doctrine of relation back to the date of the option contract has not received approval in this State. In

Rice v. Crump, 5 Tenn. Civ. App. (5 Higgins), 146, 156, it was said:

"While there are decisions in other jurisdictions sustaining the view that the acceptance relates back and that the optionee is entitled to an abatement to the extent of insurance money collected by the optioner in the interim, we are of opinion that the contrary is the sounder, the better and the more logical rule."

The decree below will be affirmed, with costs.

Burnett and Hale, JJ., concur.